## BARTOLAS, Admr. v. COLEMAN.

Ohio Appeals, 5th Dist., Tuscarawas Co.

Decided July 26, 1927.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**683. JURY.**

Not error for court to refuse to permit plaintiff to examine defendant and other witnesses before jury is called, to ascertain whether defendant or some insurance company is actual party in interest.

**225. CHARGE OF COURT.**

Not error for court to refuse to give special charge requested, when such charge, while sound as to particular state of facts, is foreign to facts in controversy.

Error to Common Pleas.

Judgment affirmed.

Stafford & O'Donnell, New Philadelphia, for Bartolas.

Bowers & Bowers, New Philadelphia, for Coleman.

## STATEMENT OF FACTS.

Counsel for plaintiff bases his recovery upon the neglect of the defendant, who is a practising physician and surgeon, to properly care for his patient, the decedent, and for alleged abandonment of him and, as a result of same, plaintiff prayed in his petition for a judgment, against the defendant, for damages in the amount of $20,000. The jury returned a verdict for the defendant.

On or about June 8, 1925, the decedent was taken seriously ill, and the defendant in error, who is a practising physician and surgeon, was employed to perform an operation upon said decedent and to take charge of the case, which was accordingly done. The patient was a little boy, aged six years. A surgical operation was performed at the Union Hospital, by the defendant in error, removing the appendix from the decedent.

The record discloses that it was a very serious case, a large amount of pus having gathered in the abdominal cavity, and peritonitis having already set in prior to the operation.

The record shows that the boy, while he was in a critical condition, was holding his own, and the defendant in error visited him every morning regularly, and sometimes oftener, until, on the morning of the 16th of June, 1925, the defendant in error went to the hospital and saw the patient and found that he was still holding his own, however, not out of danger.

About ten o'clock the same day the defendant in error went to the city of Cleveland, intending to return that evening, but met with an accident with his car and was compelled to have it hauled to a garage but was assured by the man in charge that the car would be ready by six o'clock that evening. He went back to the garage at six o'clock and found that the car had not been repaired, and that he would be unable to return in his car. He then called his wife by phone, and arranged with her that if word came that the patient was worse, or any change for the worse, she should call Dr. Shaweker at once and have him take charge of the case. He later mounted a street car, intending to get home by midnight, but found, after he was on the way, that the car would go no farther than Akron, and that it would be difficult, if possible at all, to get to New Philadelphia, Ohio, until well on to the next morning. He returned to the

city of Cleveland, and the next morning drove his car home. During his absence the boy had departed this life.

HOUCK, J.

"The errors relied upon for a reversal of the judgment in the Common Pleas Court are as follows:

(a) Refusal to permit plaintiff to examine the defendant and other witnesses, before the jury was called, to ascertain whether the defendant or some insurance company was the actual party in interest.

(b) Error in the admission of testimony on behalf of defendant.

(c) Refusal to give, in charge before argument, special request No. 1 which was in writing.

(d) Error in the general charge.

(1) The first claimed error does not appeal to us as sound in reason or law.

It must be remembered that courts are inclined to, and do, give much latitude in determining the qualifications of jurors as to their interest as stockholders, policyholders or otherwise, in liability insurance companies. Yet, such in no wise extends the rule to the degree as insisted on by the plaintiff here.

We do not agree with plaintiff in error that any prejudicial error intervened in the impaneling of the jury; or in the refusal of the court to permit counsel to examine defendant prior to the impaneling of the jury as requested by them.

(2) We have very carefully read the testimony, on behalf of defendant, which is insisted as being erroneously admitted. This testimony is in support of the claim of the defendant that he did not abandon his patient and that he was not guilty of any actionable negligence on his part. This evidence was clearly pertinent to the issues raised by the pleadings and was properly submitted to the jury for its consideration.

(3) Did the court err in refusing to give the following request before argument:

"Ladies and Gentlemen of the Jury, I charge you as a matter of law, that a physician has the right to leave, temporarily, his practice, if he makes provision for the attendance of a Competent Physician upon his patients. If he notifies a patient that he is going away and indicates who will attend him in his stead, no neglect can be imputed to him, but a physician who leaves a patient in a critical stage of the disease without reason or sufficient notice to enable the party to procure another medical attendant, is guilty of culpable dereliction of duty, and is liable to respond in damages."

It needs little or no comment from the court because it is so well known by judge and lawyer that a written request of law must be given by the trial judge, before argument, if it contains the law pertinent to the issuable facts and the proof. The charge under consideration was properly refused for the following reasons:

a. While sound as to a particular state of facts, yet an examination of the proven facts clearly indicate that in several respects it is foreign to them.

b. Several of the facts stated in the charge were not set forth in the pleadings and no proof offered to establish same.

c. The law as contained therein is not applicable to the case made in the record.

d. The charge is not responsive either to the facts or law of the instant case.

(4) Did the court below, in its general charge, err?

It is urged that error has intervened with respect to the charge as to "proximate cause," "negligence" and "measure of damages."

As we view it, the general charge fully and completely covers each and every issue raised by the pleadings and the evidence adduced. The issues were stated in a clear and plain language.

This court finds that under the facts, as contained in the bill of exceptions, the jury reached the proper conclusion.

Gillette v. Tucker, 67 OS. 106; Palmer v. Humiston, 87 OS. 401; Hier v. Stites, 90 OS. 127; Bowers v. Santee, 99 OS. 361; Manley v. Coleman, 19 O. A. R. 284; McAllister v. Harzell, 60 OS. 69; and Ochsner v. Traction Co., 107 OS. 33.

The court is bound, under the facts and the law, to affirm the judgment of the lower court."

(Shields, J., and Demert, J., concur.)